**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARCUS BENTURA** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No.** |
| | § | |
| **GERALD E. BABCOCK and** | § | |
| **B & J TRUCKING SERVICE, INC.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

### NOTICE OF REMOVAL OF DEFENDANTS  GERALD E. BABCOCK and B & J TRUCKING SERVICE, INC.

Defendants **GERALD E. BABCOCK and B & J TRUCKING SERVICE, INC.**, (hereinafter "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice to this Court of the removal of the action currently pending in the 150th Judicial District Court of Bexar County, Texas, Cause No. 2017CI13352, (hereinafter "the Lawsuit") to the United States District Court for the Western District of Texas, San Antonio Division.  In support of this Notice of Removal, Defendants state as follows:

### I.    BACKGROUND AND PROCEDURAL POSTURE

1.    Plaintiff MARCUS BENTURA ("Plaintiff") filed an Original Petition ("Complaint") against Defendants in the 150th Judicial District Court of Bexar County on July 21, 2017, styled *Marcus Bentura v. Gerald E. Babcock and B & J Trucking Service, Inc.; In the 150th Judicial District Court of Bexar County, Texas* Cause No. 2017CI13352 ("State Court Action").

2.    Defendant GERALD BABCOCK was served with the Citation and Complaint on August 1, 2017. Defendant B & J TRUCKING SERVICE, INC., was served with the Citation and Complaint on or about August 4, 2017.

3.      A copy of the Citation and Complaint filed in the State Court Action, and served

on Defendants, is attached hereto as part of **Exhibit A** pursuant to 28 U.S.C. § 1446, said

**Exhibit A** containing the docket sheet and all pleadings or orders that have been filed in the

State Court Action.

4.      Removal is timely because Defendants were served with the Citation and

Complaint on August 1, 2017, and August 4, 2017, which is less than 30 days prior to filing this

removal.  Removal of this action is based on diversity jurisdiction pursuant to 28 U.S.C. §

1332.

5.      As required by 28 U.S.C. § 1441, Defendants removed this case to the

United States District Court for the Western District of Texas, San Antonio Division, which is

the federal district court encompassing the place where the State Court Action is pending.

Accordingly, removal to the Western District of Texas is proper.  *See* 28 U.S.C. § 1441(a).

6.      Removal is proper under 28 U.S.C. § 1441 because this United States District

Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Section 1332

provides that the District Courts shall have original jurisdiction over any civil action where the

amount in controversy exceeds $75,000.00 and is between citizens of different states.  All of

these requirements have been met.

## II.      BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

7.      The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because

the parties are completely diverse, and the amount in controversy exceeds $75,000.00.

**A.      The Parties Are Citizens of Different States**

8.      Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 126 S. Ct. 606, 610 (2005).

9.      Plaintiff is domiciled in and is a citizen of the State of Texas.  *Complaint*, *Section II*, ¶ 1; s*ee Preston v. Tenet Healthsystem Mem'l Med. Ctr.,* 485 F.3d 793, 797-98 (5th Cir. 2007).

10.      Plaintiff judicially admitted through its Complaint that Defendant GERALD BABCOCK is an individual residing in and a citizen of Indiana.   Therefore, Defendant BABCOCK is admitted to be, and is, a citizen of Indiana for the purposes of diversity jurisdiction. *Complaint*, *Section II*, ¶ 2.

11.      Plaintiff judicially admitted through its Complaint that Defendant B & J TRUCKING SERVICE, INC., is incorporated in and maintains its principal place of business in the state of Indiana.   Accordingly, pursuant to 28 U.S.C. § 1332, Defendant B & J TRUCKING SERVICE, INC., is a citizen of the State of Indiana for the purposes of diversity jurisdiction. *Id.* at ¶ 3.

12.      Because, at all times material, Plaintiff is not and has not been a citizen of the same state as either of the Defendants, complete diversity of citizenship exists between the parties.

**B.      The Amount in Controversy Exceeds $75,000.00.**

13.      Plaintiff has sued Defendants seeking monetary relief for between Two Hundred Thousand ($200,000.00) and One Million Dollars ($1,000,000.00) *Id.* at *Section I*, ¶ 1. Therefore, the amount in controversy in this case exceeds $75,000.00 per 28 U.S.C. §1332(a) and removal pursuant to 28 U.S.C. § 1441 is appropriate in this case because this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### III.     ADDITIONAL PROCEDURAL MATTERS

14.      In the State Court Action, Plaintiff has requested a trial by jury. *Complaint*, Section XIII, ¶ 2.

15.      Upon filing this Notice of Removal, Defendants will promptly serve Plaintiff through his counsel, with written notice of such removal and will file a Notice of Removal in the state court in which this case was originally filed.

16.      Pursuant to 28 U.S.C. § 1446(a), Defendants have attached the following:

(i)      An index of all documents filed (**Exhibit 1**);
(ii)     A copy of all documents filed in the State Court Action and a copy of the docket sheet (**Exhibit A**);
(iii)    A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and parties represented by that attorney (**Exhibit B**); and
(iv)     State Court Notice of Removal (without exhibits) to be filed with Clerk of the 150th Judicial District of Bexar County, Texas. (**Exhibit C**).

### IV.   CONCLUSION

Defendants **GERALD E. BABCOCK and B & J TRUCKING SERVICE, INC.** respectfully request the action now pending in the 150th Judicial District Court of Bexar County, Texas, Cause No. 2017C1352, be removed to the United States District Court for the Western District of Texas, San Antonio Division, and that this District Court assume exclusive jurisdiction of this action, entering such other and further orders as may be necessary to accomplish the requested removal.

Respectfully submitted,

_____

GORDON O. STAFFORD, JR.

Texas State Bar No. 18995000
LAW OFFICE OF MARK E. MACIAS
1100 NW Loop 410, Suite 370
San Antonio, Texas 78213
Telephone: 210-949-0166
Facsimile:  855-949-1338
Email: staffg1@nationwide.com
**ATTORNEY FOR DEFENDANTS**
**GERALD E. BABCOCK and**
**B & J TRUCKING SERVICE, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 30th, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**RICHARD R. STORM, JR.**
Texas Bar No. 00786261
**BEGUM LAW GROUP**
5826 IH 10 West
San Antonio, Texas 78201
210.564.9854 Telephone
210.564.9857 Fax
Email: rstorm@texaslegalgroup.com
*Attorney for Plaintiff*


_____
GORDON O. STAFFORD, JR.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARCUS BENTURA** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No.** |
| | § | |
| **GERALD E. BABCOCK and** | § | |
| **B & J TRUCKING SERVICE, INC.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## EXHIBIT INDEX

Pursuant to this Court's Local Rule 81, Defendants, B & J TRUCKING SERVICE, INC.,

AND GERALD E. BABCOCK, provide this Index of Matters Being Filed:

| | |
|---|---|
| Exhibit 1 | Index of Matters Being Filed |
| Exhibit A | State Court Pleadings |
| Exhibit B | List of Counsel of Record |
| Exhibit C | State Court Notice of Removal to Federal Court |

Exhibit 1

2 CI+S PPS ISAC 2

FILED
7/21/2017 4:00 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

NO. **2017CI13352**

| | | |
|---|---|---|
| MARCUS BENTURA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | 150 |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| GERALD E. BABCOCK AND B & J | § | |
| TRUCKING SERVICE INC. | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, WRITTEN DISCOVERY, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** MARCUS BENTURA, hereinafter referred to as Plaintiff, complaining

of and about GERALD E. BABCOCK and B & J TRUCKING SERVICE INC. hereinafter

called Defendants, and for cause of action shows unto the Court the following:

**I.**

### PLAINTIFF'S DESIGNATION OF TRCP 47(b) & (c) MONETARY RELIEF AND DISCOVERY CONTROL PLAN

Plaintiff seeks damages (including punitive damages) over $200,000 but not more than

$1,000,000.00, pursuant to Tex. R. Civ. P. 47(c)(4). Plaintiff intends that discovery be

conducted under Discovery Level 3.

**II.**

### PARTIES AND SERVICE

Plaintiff MARCUS BENTURA, is an individual whose address is 134 Lake Valley, San

Antonio, Texas 78227.

Defendant GERALD E. BABCOCK, an individual who is a resident of Indiana, may be

served with process at his home at the following address:  5803 Moberly NW Road, Depauw,

EXHIBIT "A"

Indiana 47115, or wherever else he may be found.  Service of said Defendant as described above can be effected by personal delivery.

Defendant B & J TRUCKING SERVICE INC. is a foreign corporation doing business in the state of Texas for profit as defined by Tex. Civ. Prac. & Rem. Code § 17.044 and Bus. Orgs. Code § 5.251.  Because Defendant does not maintain a registered agent for service in the state of Texas, it may be served in this action by service upon the Texas Secretary of State, Statutory Filings Division, 1019 Brazos, Austin, Texas 78701, for forwarding to the registered agent for service in Indiana:  Jimmy L. Fraley, 4201 Utica/Sellersburg Rd., Jeffersonville, Indiana 47130, or wherever else he may be found.

**III.**

**JURISDICTION AND VENUE**

The subject matter in controversy is within the jurisdictional limits of this court.

Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**IV.**

**FACTS**

On or about April 7, 2016, Plaintiff was a passenger in a vehicle traveling at or near the 5000 block of NE Loop 410 in San Antonio, Texas, when Defendant, GERALD E. BABCOCK, who, while in the course and scope of his employment with Defendant B & J TRUCKING SERVICE INC., failed to keep a proper lookout, failed to maintain a reasonable distance, and changed lanes when unsafe, causing his vehicle to suddenly and violently side-swipe the vehicle in which Plaintiff was a passenger, causing Plaintiff to sustain serious bodily injuries.

B & J TRUCKING SERVICE INC. was the owner of the vehicle operated by GERALD E. BABCOCK on April 7, 2016.

On or about April 7, 2016, GERALD E. BABCOCK was acting within the course and scope of his employment with B & J TRUCKING INC. On information and belief, GERALD E. BABCOCK was an incompetent driver, and B & J TRUCKING SERVICE INC. negligently entrusted to GERALD E. BABCOCK the vehicle driven by him.

V.

## PLAINTIFF'S CLAIMS OF NEGLIGENCE
## AGAINST DEFENDANT GERALD E. BABCOCK

Defendant GERALD E. BABCOCK had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant GERALD E. BABCOCK's negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant GERALD E. BABCOCK consisted of, but is not limited to, the following acts and omissions:

A.   In that Defendant GERALD E. BABCOCK failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.401;

B.   In that Defendant GERALD E. BABCOCK failed to turn his motor vehicle to the right or left in an effort to avoid the collision complained of; Texas Transportation Code §545.103;

C.   In that Defendant GERALD E. BABCOCK failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant GERALD E. BABCOCK's motor vehicle which would permit Defendant GERALD E. BABCOCK to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle; Texas Transportation Code §545.062;

D.   In that Defendant GERALD E. BABCOCK failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done; Texas Transportation Code §545.062;

E.   In that Defendant GERALD E. BABCOCK was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.062;

F.   In that Defendant GERALD E. BABCOCK failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes. Texas Transportation Code §545.351;

G.   In that Defendant GERALD E. BABCOCK made an improper lane change in that he changed lanes when unsafe to do so; and

H.   In that Defendant GERALD E. BABCOCK failed to pay attention in his driving as a person using ordinary prudent care would have done; Texas Transportation Code §545.401.

Section 545.401(a) provides that "A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property." Plaintiff was within the class of persons designed to be protected by such statutes. As such, Defendant GERALD E. BABCOCK'S conduct on the occasion in question constituted negligence *per se*, that is, **negligence as a matter of law.**

## VI.
## PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT B & J TRUCKING SERVICE INC.

On April 7, 2016, B & J TRUCKING SERVICE INC. was the owner of the vehicle operated by GERALD E. BABCOCK.

B & J TRUCKING SERVICE INC. entrusted the vehicle to GERALD E. BABCOCK, a reckless and incompetent driver. B & J TRUCKING SERVICE INC. knew, or through the exercise of reasonable care should have known, that GERALD E. BABOCK was a reckless and incompetent driver.

As described herein, GERALD E. BABCOCK was negligent on the occasion in question. GERALD E. BABCOCK's negligence was the proximate cause of Plaintiff's damages.

## VII.
### PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST
### B & J TRUCKING SERVICE INC.

At the time of the occurrence of the act in question and immediately prior thereto, GERALD E. BABCOCK was within the course and scope of his employment with B& J TRUCKING SERVICE INC.   At the time of the occurrence of the act in question and immediately prior thereto, GERALD E. BABCOCK was engaged in the furtherance of B & J TRUCKING SERVICE INC.'s business.  At the time of the occurrence of the act in question and immediately prior thereto GERALD E. BABCOCK was engaged in accomplishing a task for which GERALD E. BABCOCK was employed.

Plaintiff invokes the doctrine of *Respondeat Superior* as against B & J TRUCKING SERVICE INC.

## VI.
### DAMAGES FOR PLAINTIFF MARCUS BENTURA

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff MARCUS BENTURA was caused to suffer bodily injury, and to incur the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

G.   Loss of earnings in the past;

H.      Loss of earning capacity which will, in all probability, be incurred in the future;

I.      Disfigurement in the future;

J.      Mental anguish in the past;

K.      Mental anguish in the future; and

L.      Cost of medical monitoring and prevention in the future.

## VII.
## REQUESTS FOR DISCLOSURE

Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## VIII.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANTS IN RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice that Plaintiff intends to use any and all documents produced by the Defendants in response to written discovery propounded to Defendants.  As such, the produced documents are self-authenticating pursuant to TRCP, Rule 193.7.

## IX.
## PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Plaintiff hereby serves notice to the Defendants, pursuant to TRCE, Rule 609(f), that Plaintiff demands timely written notice by Defendants that Defendants intend to seek admission of criminal convictions, as defined in TRCE, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

## INTERROGATORIES TO DEFENDANT GERALD E. BABCOCK

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant GERALD E. BABCOCK. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also request that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

1.  Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

**ANSWER:**

2.  State the full name, telephone number, address and your immediate supervisor for your employers for the last five (5) years. Please indicate if you have held any ownership interest in this (these) business(es).

**ANSWER:**

3.  State whether you were acting within the course and scope of any employment, service or agency at the time of the collision, and describe the relationship of the persons involved.

**ANSWER:**

4.  State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

**ANSWER:**

5.  Please state any and all traffic violations you have had in the five (5) years preceding this collision. Please indicate if you have had your driving license revoked due to any of these violations and the period of time your license was revoked.

**ANSWER:**

6.  Please state whether you have had any other motor vehicle accidents in the past five (5) years. If so, please list the date and location of such accident, the parties involved and a factual description of the accident.

**ANSWER:**

7.  List all criminal arrests and/or charges against you, your predecessors, affiliates, or subsidiaries, or divisions by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date

of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

**ANSWER:**

8.    State what intoxicating beverages, if any, you had consumed and what drugs and/or medications you had taken for the 24 hour period prior to the collision.

**ANSWER:**

9.    Do you contend that any personal injuries or damages sustained by Plaintiff were caused by an occurrence other than this accident, such as a disease or physical condition, either before or after the incidents made the basis of this case? If so, describe in detail such other occurrence, disease, injury or condition.

**ANSWER:**

10.    Do you contend that Plaintiff violated any traffic laws at the time or immediately prior to the collision? If so, describe what you contend to be the violation or give the statute number of the violation.

**ANSWER:**

11.    If you contend that the collision in question was an "unavoidable accident," describe in detail what you believe to be the cause of the accident, to the exclusion of the conduct of Plaintiff.

**ANSWER:**

12.    If you contend that someone else's conduct or something else is the "sole proximate cause" of the accident in question, describe in detail the identity of that person, or what exactly caused the collision.

**ANSWER**

13.    State the name and address of the owner and all occupants of the vehicle which you were operating at the time of the collision.

**ANSWER:**

14.    State the make and model of the vehicle you were driving at the time of the collision.

**ANSWER:**

15.    Give the date of the last inspection of the vehicle you were driving at the time of the collision and the name of the inspection station giving the inspection and the date the inspection was given.

**ANSWER:**

16.  Please give a detailed description of exactly how the collision made the basis of the lawsuit occurred.  Please indicate in your description the speed or estimated speed that the vehicles were traveling at the time of the incident.  On the back of this sheet, please draw a diagram to indicate the location of the accident and the direction that the vehicles were traveling at the time of the collision.

**ANSWER:**

17.  Please indicate the speed or estimated speed of the vehicles at the time of the incident, including your speed immediately prior to impact, and if you contend you applied your brakes prior to impact, and what speed you were traveling prior to applying your brakes.

**ANSWER:**

18.  Were you cited for your involvement in the accident? If so, state:

     a) Citation number;
     b) Entity issuing citation;
     c) Description of violations charged;
     d) Court of jurisdiction;
     e) Whether you contested the citation;
     f) Whether a jury trial was held; and
     g) Disposition of the citation/charges.

**ANSWER:**

19.  Did you, your insurance company, or any other individual engage in communication with Plaintiff's insurance company with respect to the above accident and/or Plaintiff? If so, state:

     a)   Date, place and time when same was made;
     b)   Identity, employer and employer's address of the persons engaging in said communication, whether oral or written, including but not limited to email messaging;
     c)   The reason for such communication;
     d)   What was said by Plaintiff's insurer, its agents or its employees at that time, specifically identifying the person speaking; and
     e)   What was said by your insurer, its agents or its employees at that time, specifically identifying the person speaking.

**ANSWER:**

20.  Please state where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

**ANSWER:**

3. Please state the full extent of any training, education, or experience concerning driving techniques or principles Defendant GERALD E. BABCOCK has received.

**ANSWER:**

4. Please state the name, address, and telephone number of any person who you may call to testify at trial, including but not limited to any rebuttal or impeaching witnesses who may be called at trial.

**ANSWER:**

5. Was Defendant GERALD E. BABCOCK acting in the course and scope of his employment with B & J TRUCKING SERVICE INC. at the time of the collision made the basis of this lawsuit? If you are contending that Defendant GERALD E. BABCOCK was not acting in the course and scope of employment with B & J TRUCKING SERVICE INC. at the time of the collision, please state exactly why you are making such contention.

**ANSWER:**

6. If the vehicle driven by Defendant GERALD E. BABCOCK that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

**ANSWER:**

7. Please list all traffic accidents in which Defendant GERALD E. BABCOCK has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

**ANSWER:**

8. Please give a description of all traffic violations for which Defendant GERALD E. BABCOCK has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

**ANSWER:**

9. Please state whether or not, in the one year prior to, or since, the wreck made the basis of this lawsuit there have been any repairs, changes or modifications performed upon the vehicle/semi-trailer which was involved in the incident in question. If so, please describe the full extent of any such repairs, changes or modifications, when they took place, who performed the work and when it was done.

**ANSWER:**

10. With respect to collisions or accidents occurring within the past ten (10) years and involving one of B & J TURCKING SERVICE INC.'s vehicles and/or a driver employed by you or under contract with B & J TURCKING SERVICE INC., please state:

    a.     When the driver is required to make a report and to whom;

    b.     A description of any written report required to be made by any person with B & J TURCKING SERVICE INC., and/or the driver;

    c.     Where and in whose custody such reports are kept;

    d.     When a driver must submit for a drug test by giving a urine sample; and

    e.     When such report must be reported to the federal government.

**ANSWER:**

11. Did Defendant GERALD E. BABCOCK receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Defendant GERALD E. BABCOCK paid the ticket, did Defendant GERALD E. BABCOCK plead guilty? What court did Defendant GERALD E. BABCOCK have to appear in or call to resolve the citation or ticket?

**ANSWER:**

12. Do you contend that someone other than Defendant GERALD E. BABCOCK (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

**ANSWER:**

13. Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective belief?

**ANSWER:**

14. What does B & J TRUCKING SERVICE INC. do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If B & J TRUCKING SERVICE INC uses any type of computer program or third-party service to audit logs, please identify the program or service.

**ANSWER:**

15. Does B & J TRUCKING SERVICE INC. use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

**ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANTS
## GERALD E. BABCOCK and B & J TRUCKING SERVICE INC.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within the time prescribed by law, Defendants GERALD E. BABCOCK and B & J TRUCKING SERVICE INC. produce and permit Plaintiff to inspect and copy the documents and things described in the requests below, and as instructed below.   Plaintiff requests that Defendants produce the documents at the office of BEGUM LAW GROUP, 5826 IH-10 West, San Antonio, Texas 78201.

1.      Color copies of all photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of Defendants, Defendants' attorney or anyone acting on the Defendants' behalf.

2.      Color copies of all photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of Defendants, Defendants' attorney or anyone acting on the Defendants' behalf.

3.      Color copies of all photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of Defendants, Defendants' attorney or anyone acting on the Defendants' behalf.

4.      All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff which are in the possession, constructive possession, custody or control of Defendants, Defendants' attorney or anyone acting on the Defendants' behalf.

5.      All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of Defendants, Defendants' attorney or anyone acting on the Defendants' behalf.

6.      All written statements made by Plaintiff and/or Defendants in the possession, constructive possession, custody or control of Defendants, Defendants' attorney or anyone acting on the Defendants' behalf.

7.      All oral statements made by Plaintiff and/or Defendants which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendants, Defendants' attorney or anyone acting on the Defendants' behalf.

8.      A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Plaintiff, which is in the possession, constructive possession, custody or control of Defendants, Defendants' attorney or anyone acting on the Defendants' behalf.

9.      All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms

a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Defendants advise Plaintiff accordingly and reduce such material to a tangible form).

10. A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

11. Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendants, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

12. Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendants that Defendants prepared as a result of the accident made the basis of Plaintiff's lawsuit.

13. Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit.

14. Copies of any contracts or agreements between Defendants and any vehicle maintenance or repair services in effect on August 28, 2015.

15. Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on Plaintiff's cause of action and may be used as demonstrative evidence at trial.

16. If not otherwise provided, the following:

    a. Witness statements
    b. Party statements
    c. Police report
    d. Photographs of scene -- laser color copies
    e. Photographs of vehicles -- laser color copies
    f. Diagrams/maps of scene
    g. Repair invoices/estimates
    h. Medical bills, records, and reports related to Plaintiff
    i. Wage loss records related to Plaintiff
    j. Any materials generated by special investigations unit related to Plaintiff
    k. Any surveillance materials of Plaintiff or witnesses
    l. Colossus dissection forms/input data
    m. Colossus consultation report
    n. Information obtained from PIP/Med Pay insurer

17. All documents and things relating to any expert retained to testify, including but not limited to:

    a. Resume/curriculum vitae

      b. Fee chart
      c. All 1099s from your attorneys firm
      d. All 1099s from your insurance company
      e. List of all cases worked on behalf of your attorneys firm
      f. List of all cases work on behalf of your insurance company
      g. List of all cases testified in
      h. Entire working file -- correspondence, notes, calculations, tests, analyses, etc.

18     Copies of any investigative findings substantiating your denial of liability.

19.    Copies of any investigative findings substantiating your denial of the claim for damages.

20.    All reports prepared by any expert.

21.    As to any and all insurance policies or other contractual arrangement that may obligate an insurance company or other person, firm or corporation to provide any investigative services or defense for the defendant motor carrier or the defendant driver in this case or may be obligated to pay any portion of any judgment that may be rendered against the defendant motor carrier or the defendant driver, produce the following documents and items, to wit:

     a.    Policies with all additions and deletions;
     b.    All prior claims paid under any such policies that will be deducted from the amount for which any such insurance company may have to pay in this case;
     c.    The total amount of money for which each such insurance company would be liable for payment on behalf of the defendant motor carrier or the defendant driver;
     d.    All loss control reports made by any present or previous insurance company concerning the defendant motor carrier's operations;
     e.    The amounts of all other claims being currently made against any such insurance policies other than by this plaintiff;
     e.    Contracts describing the obligation of any person, firm or corporation other than an insurance company to provide investigative or legal defense services for the benefit of the defendant motor carrier or defendant driver.

22.    All incident reports generated by Defendants GERALD E. BABCOCK and/or B & J TRUCKING SERVICE INC. regarding the collision at issue in this lawsuit.

23.    If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, Defendant GERALD E. BABCOCK drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by Defendant GERALD E. BABCOCK for that time period.

24.    Defendant GERALD E. BABCOCK's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

37.   An exemplar blank vehicle accident kit used by B & J TRUCKING SERVICE INC.

38.   All dispatch and trip reports regarding any vehicle operated by Defendant GERALD E. BABCOCK for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

39.   All trip cost report envelopes for any vehicle operated by Defendant GERALD E. BABCOCK for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

40.   All OmniTRACS data regarding any vehicle operated by Defendant GERALD E. BABCOCK for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

41.   All OP-1 forms submitted by B & J TRUCKING SERVICE INC. to the Federal Motor Carrier Safety Administration or DOT.

42.   All MCS-150A forms submitted by B & J TRUCKING SERVICE INC. to the Federal Motor Carrier Safety Administration or DOT.

43.   All documents submitted by B & J TRUCKING SERVICE INC. to the Federal Motor Carrier Safety Administration in which B & J TRUCKING SERVICE INC. promises to comply with the Federal Motor Carrier Safety Regulations.

44.   All annual reports submitted to the Federal Motor Carrier Safety Administration or DOT pursuant to Section 369.1.

45.   All claim files and investigations done prior to the date on which B & J TRUCKING SERVICE INC. was served with this lawsuit.

46.   All data, reports, and other information generated by, or stored in, Kellerscan, Log Check, Scanware, PC Driver, and any other computer software program regarding Defendant GERALD E. BABCOCK and his trip movements.

47.   All data, reports, and other information generated by, or stored in, Kellerscan, Log Check, Scanware, PC Driver, and any other computer software program regarding all drivers who operate out of the same terminal out of which Defendant GERALD E. BABCOCK operates.

### REQUESTS FOR ADMISSION TO DEFENDANT GERALD E. BABCOCK

Pursuant to Rule 198, Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Admissions to Defendant GERALD E. BABCOCK. Defendant's response is due within fifty (50) days from the date of service thereof.

1.  That you were driving a 2015 gray Freightliner tractor-trailer, license plate no. 1085778, VIN no. 3AKJGLD58FSGE1326, on the date of the incident made the basis of this suit.

ADMIT OR DENY: _____

2.  That the vehicle driven by you was owned by you at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

3.  That the vehicle driven by you was being operated by you with the permission of its registered owner, on the date of the car crash.

ADMIT OR DENY: _____

4.  That the vehicle driven by you was owned by you and was under the operation and control of you, acting within the course and scope of any employment, service or agency at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

5.  That the vehicle driven by you was owned by your employer and was under your operation and control, acting within the course and scope of any employment, service or agency at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

6.  That you caused the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

7.  That your actions were the sole cause of the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

8.  That no other entity contributed to cause the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

9.  That Plaintiff did not contribute to the cause of the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

10. That the vehicle driven by you was in a dangerous or unsafe condition, to wit:  the brakes in the vehicle were defective at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

11.   That the vehicle driven by you was not under your control in that the vehicle skid and crashed into Plaintiff's vehicle.

ADMIT OR DENY: _____

12.   That you failed to maintain a proper lookout at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

13.   That you failed to keep such a distance away from the Plaintiff's vehicle so as not to cause the collision that did occur on the date of the accident.

ADMIT OR DENY: _____

14.   That your driver inattention was a contributing factor to the accident made the basis of this lawsuit.

ADMIT OR DENY: _____

15.   That you made a lane change when unsafe to do so.

ADMIT OR DENY: _____

16.   That your unsafe lane change was a contributing factor to the accident made the basis of this lawsuit.

ADMIT OR DENY:

17.   That you, at the time of the incident made the basis of this suit you were traveling in an excessive rate of speed.

ADMIT OR DENY: _____

18.   That immediately prior to impact, you failed to apply proper braking of your vehicle in an effort to avoid the collision complained of.

ADMIT OR DENY: _____

19.   That Plaintiff was injured as a result of the basis of this lawsuit.

ADMIT OR DENY: _____

20.   That Plaintiff received health care treatment following the accident made the basis of this lawsuit.

ADMIT OR DENY: _____

21. The health care treatment rendered to Plaintiff following the accident made the basis of this lawsuit was necessary.

ADMIT OR DENY: _____

22. That the amount charged for health care treatment rendered to Plaintiff following the accident made the basis of this lawsuit was reasonable.

ADMIT OR DENY: _____

23. That all of the health care treatment rendered to Plaintiff following the accident made the basis of this lawsuit was related to the car crash.

ADMIT OR DENY: _____

24. That some of the health care treatment rendered to Plaintiff following the accident made the basis of this lawsuit was related to the car crash.

ADMIT OR DENY: _____

25. That the medical bills and medical records pertaining to Plaintiff were provided to your insurance company prior to the filing of this lawsuit.

ADMIT OR DENY: _____

26. That you were personally served with the summons and complaint.

ADMIT OR DENY: _____

27. That a resident of your household was personally served with the summons and complaint.

ADMIT OR DENY: _____

28. That a resident of your household was personally served with the summons and complaint.

ADMIT OR DENY: _____

29. That you have no basis to assert as a defense or affirmative defense to the subject accident, lack of service of process.

ADMIT OR DENY: _____

30. That you have no basis to assert as a defense or affirmative defense to the subject accident, insufficiency of service of process.

ADMIT OR DENY: _____

31.   That you have no basis to assert as a defense or affirmative defense to the subject accident, lack of personal jurisdiction.

ADMIT OR DENY: _____

32.   That Plaintiff offered your insurance company an opportunity to settle Plaintiff's claim within your insurance policy limits.

ADMIT OR DENY: _____

33.   That your insurance company provided an insurance policy covering the vehicle that you were operating at the time of the car crash.

ADMIT OR DENY: _____

34.   That your insurance company has agreed to provide insurance on your behalf for all injuries and damages sustained by Plaintiff arising out of the car crash.

ADMIT OR DENY: _____

35.    That your insurance company has classified Plaintiff's claim as suspicious.

ADMIT OR DENY: _____

36.   That your insurance company has refused to negotiate settlement, instead forcing Plaintiff to file this lawsuit.

ADMIT OR DENY: _____

37.   That at the time of the crash made the basis of this lawsuit you were under the influence of drugs or narcotics.

ADMIT OR DENY: _____

38.   That Plaintiff is an honest persons.

ADMIT OR DENY: _____

39.   That Plaintiff is a truthful person.

ADMIT OR DENY: _____

## REQUESTS FOR ADMISSION TO DEFENDANT
## B & J TRUCKING SERVICE INC.

Pursuant to Rule 198, Texas Rules of Civil Procedure, Plaintiff propound the following Requests for Admissions to B & J TRUCKING SERVICE INC.   Defendant's response is due within fifty (50) days from the date of service thereof.

1.   That Defendant GERALD E. BABCOCK was driving a 2015 gray Freightliner tractor-trailer, license plate no. 1085778, VIN no. 3AKJGLD58FSGE1326, on the date of the incident made the basis of this suit.

ADMIT OR DENY: _____

2.   That the vehicle driven by Defendant GERALD E. BABCOCK was owned by you at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

3.   That the vehicle driven by Defendant GERALD E. BABCOCK was being operated by him with the permission of its registered owner, on the date of the car crash.

ADMIT OR DENY: _____

4.   That Defendant GERALD E. BABCOCK was an employee of B & J TRUCKING SERVICE INC. on the date of the accident made the basis of this lawsuit.

ADMIT OR DENY: _____

5.   That Defendant GERALD E. BABCOCK was acting in the course and scope of his employemtn with B & J TRUCKING SERVICE INC. on the date and at the time of the accident made the basis of this lawsuit.

ADMIT OR DENY: _____

6.   That your actions, including but not limited to entrusting your vehicle to Defendant GERALD E. BABCOCK caused the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

7.   That no other entity contributed to cause the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

8.   That Plaintiff did not contribute to the cause of the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

9.      That the vehicle driven by Defendant GERALD E. BABCOCK was in a dangerous or
unsafe condition, to wit:  the brakes in the vehicle were defective at the time of the
incident made the basis of this suit.

ADMIT OR DENY: _____

10.     That Plaintiff was injured as a result of the basis of this lawsuit.

ADMIT OR DENY: _____

11.     That you were personally served with the summons and complaint.

ADMIT OR DENY: _____

12.     That you have no basis to assert as a defense or affirmative defense to the subject
accident, lack of service of process.

ADMIT OR DENY: _____

13.     That you have no basis to assert as a defense or affirmative defense to the subject
accident, insufficiency of service of process.

ADMIT OR DENY: _____

14.     That you have no basis to assert as a defense or affirmative defense to the subject
accident, lack of personal jurisdiction.

ADMIT OR DENY: _____

15.     That Plaintiff offered your insurance company an opportunity to settle Plaintiff's claim
within your insurance policy limits.

ADMIT OR DENY: _____

16.     That your insurance company provided an insurance policy covering the vehicle that you
were operating at the time of the car crash.

ADMIT OR DENY: _____

17.     That your insurance company has agreed to provide insurance on your behalf for all
injuries and damages sustained by Plaintiff arising out of the car crash.

ADMIT OR DENY: _____

18.     That your insurance company has classified Plaintiff's claim as suspicious.

ADMIT OR DENY: _____

19. That your insurance company has refused to negotiate settlement, instead forcing Plaintiff to file this lawsuit.

ADMIT OR DENY: _____

20. That Plaintiff is an honest person.

ADMIT OR DENY: _____

21. That Plaintiff is a truthful person.

ADMIT OR DENY: _____

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**BEGUM LAW GROUP**

Richard R. Storm, Jr.
State Bar No.: 00786261
5826 IH 10 West
San Antonio, Texas 78201
Telephone: (210) 564-9854
Facsimile: (210) 564-9857
Email: rstorm@texaslegalgroup.com
**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

## <u>COURTESY NOTICE TO DEFENDANTS</u>

If you had insurance at the time of the collision, please forward a copy of this petition to your insurance company.

FILED
8/11/2017 8:39 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Bianca Salinas

Case 5:17-cv-00838-OLG   Document 1   Filed 08/30/17   Page 30 of 39

JD

CAUSE NO. 2017CI13352

| | | |
|---|---|---|
| MARCUS BENTURA | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | 150th JUDICIAL DISTRICT |
| | § | |
| GERALD E. BABCOCK and | § | |
| B & J TRUCKING SERVICE, INC. | § | |
| | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER, RULE 193.7 NOTICE, JURY DEMAND, AND REQUEST FOR DISCLOSURE

COME NOW **GERALD E. BABCOCK and B & J TRUCKING SERVICE, INC.,** ("Defendants"), Defendants in the above-entitled and numbered cause, and files this their ORIGINAL ANSWER, RULE 193.7 NOTICE, JURY DEMAND, AND REQUEST FOR DISCLOSURE to the ORIGINAL PETITION of Plaintiff, **MARCUS BENTURA** ("Plaintiff") and would respectfully show unto the Court as follows:

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in Plaintiff's most recently filed petition, and respectfully demand that Plaintiff be required to prove the charges and allegations against Defendants by a strict preponderance of the evidence, as is required by the Constitution and the laws of the State of Texas.

## DEFENSES

## I.

By way of further affirmative defense, while continuing to deny liability as indicated above, Defendants contend that any recovery by Plaintiff of pre-judgment interest is limited by the dates and amounts set forth in Art. 5609-1.05, Section 6, Tex. R. Civ. Stat., and Chapter 304 of the TEXAS FINANCE CODE.

**II.**

By way of further affirmative defense, while continuing to deny liability as indicated above, Defendants assert that any recovery of medical or healthcare expenses by Plaintiff be limited to those amounts that are (i) both reasonable and necessary, and (ii) actually paid or incurred by or on behalf of the Plaintiff as mandated by Section 41.0105 of the Texas Civil Practice and Remedies Code.

**III.**

By way of further affirmative defense, while continuing to deny liability as indicated above, Defendants assert and reserve their right to: a) seek proportionate reduction of damages as against Plaintiff for the percentage of liability, if any, allocated against Plaintiff; b) submit issues to the jury of the alleged negligence of Plaintiff and/or any other party hereto; and, c) an offset or credit in the amount of any and all sums which Plaintiff has or will receive by way of settlement with any other person or party.

**IV.**

By way of further affirmative defense, while continuing to deny liability as indicated above, Defendants contend that at the time and on the occasion in question, there was a failure on the part of the Plaintiff to exercise that degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances, which negligence solely caused or proximately caused or contributed to any or all of the injuries or damages sustained, and therefore Plaintiff's recovery should be barred or reduced proportionately in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.   Defendants hereby invoke the doctrine of comparative and/or contributory negligence.

**V.**

By way of further affirmative defense, while continuing to deny liability as indicated above, Defendants assert that the damages made the basis of this suit were caused or exacerbated by the negligence, fault or liability of other persons or parties or instrumentalities over whom Defendants had no control or right of control, and said negligence, fault or liability was a proximate cause or, in the alternative, was the sole proximate cause of the alleged damages.

Defendants further contend that the damages alleged by Plaintiff were proximately caused by one or more new, independent, and/or intervening causes over which Defendants had no control or right of control.

Defendants further contend that at the time and on the occasion in question, there was a failure on the part of the Plaintiff, to exercise that degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances which proximately caused or contributed to any or all of the injuries and damages claimed by Plaintiff, and Defendants hereby invoke the doctrine of comparative responsibility.

**RULE 193.7 NOTICE**

Pursuant to Texas Rule of Civil Procedure 193.7, Defendants give notice to Plaintiff that any and all documents and things produced by Plaintiff or any other party may be used at any pretrial proceeding and/or the trial of this case without the necessity of authenticating said documents and things.

**REQUEST FOR DISCLOSURE TO PLAINTIFF**

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2(a)-(*l*).

## JURY TRIAL DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendants hereby makes demand and application for jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Defendants, **GERALD E. BABCOCK and B & J TRUCKING SERVICE, INC.,** pray that Defendants have judgment and that Plaintiff take and recover nothing from Defendants by way of his causes of action in this suit; that Defendants recover costs of court; and for such other and further relief, whether general or specific, both at law and in equity, to which these Defendants may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF MARK E. MACIAS**
1100 NORTHWEST LOOP 410, SUITE 370
SAN ANTONIO, TX  78213-2200
(210) 949-0166
(855) 949-1338 FACSIMILE
EMAIL: METCAB1@NATIONWIDE.COM

By: _____
        BRIAN A. METCALF
        State Bar No. 24100602

ATTORNEY FOR DEFENDANTS,
**GERALD E. BABCOCK and B & J TRUCKING SERVICE, INC.,**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on the 11ᵗʰ day of August, 2017.

***Electronic & Facsimile Transmission:***
**RICHARD R. STORM, JR.**
Texas Bar No. 00786261
**BEGUM LAW GROUP**
5826 IH 10 West
San Antonio, Texas 78201
210.564.9854 Telephone
210.564.9857 Fax
Email: rstorm@texaslegalgroup.com
***Attorney for Plaintiff***

_____
BRIAN A. METCALF



GERARD C. RICKHOFF          DONNA KAY McKINNEY

COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

# Case #2017CI13352

**Name**: MARCUS BENTURA

**Date Filed** : 07/21/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 150

**Docket Type** : MOTOR
VEHICLE ACCIDENT

**Business Name** :

**Style** : MARCUS BENTURA

**Style (2)** : vs GERALD E BABCOCK ET AL

# Case History

*Currently viewing 1 through 12 of 12 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00009 | 8/11/2017 | ORIGINAL ANSWER OF<br>GERALD E BABCOCK AND B&J TRUCKING SERVIC<br>E INC (RULE 193.7 NOTICE, JURY DEMAND AN<br>D RFD ) |
| P00008 | 8/11/2017 | JURY FEE PAID |
| S00003 | 8/4/2017 | CITATION<br>B & J TRUCKING SERVICE INC<br>ISSUED: 8/4/2017 |
| P00007 | 8/3/2017 | REQUEST FOR SERVICE AND PROCESS |
| P00006 | 8/3/2017 | SERVICE ASSIGNED TO CLERK 1 |
| S00002 | 7/25/2017 | CITATION<br>B & J TRUCKING SERVICE INC<br>ISSUED: 7/25/2017 |
| S00001 | 7/25/2017 | CITATION<br>GERALD E BABCOCK<br>ISSUED: 7/25/2017 RECEIVED: 7/27/2017<br>EXECUTED: 8/1/2017 RETURNED: 8/8/2017 |
| P00005 | 7/24/2017 | REQUEST FOR SERVICE AND PROCESS |
| P00004 | 7/24/2017 | JURY DEMAND JURY FEE PAID |
| P00003 | 7/24/2017 | SERVICE ASSIGNED TO CLERK 2 |
| P00002 | 7/21/2017 | CIVIL CASE INFORMATION SHEET |
| P00001 | 7/21/2017 | PETITION |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARCUS BENTURA** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No.** |
| | § | |
| **GERALD E. BABCOCK** and | § | |
| **B & J TRUCKING SERVICE, INC.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## LIST OF COUNSEL OF RECORD

ATTORNEY FOR DEFENDANT,
    **GERALD E. BABCOCK and B & J
TRUCKING SERVICE, INC.,**

**GORDON STAFFORD**
LAW OFFICE OF MARK E. MACIAS
1100 Northwest Loop 410, Suite 370
San Antonio, TX  78213-2200
210.949.0166
855.949.1338 Facsimile
Email: staffg1@nationwide.com
State Bar No. 18995000


ATTORNEY FOR PLAINTIFF,
    **MARCUS BENTURA**

**RICHARD R. STORM, JR.
BEGUM LAW GROUP**
5826 IH 10 West
San Antonio, Texas 78201
210.564.9854 Telephone
210.564.9857 Fax
Email: rstorm@texaslegalgroup.com
State Bar No. 00786261



EXHIBIT "B"

CAUSE NO. 2017CI13352

| | | |
|---|---|---|
| MARCUS BENTURA | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | 150th JUDICIAL DISTRICT |
| | § | |
| GERALD E. BABCOCK and | § | |
| B & J TRUCKING SERVICE, INC. | § | |
| | § | BEXAR COUNTY, TEXAS |

**NOTICE OF REMOVAL TO FEDERAL COURT OF DEFENDANTS GERALD E. BABCOCK AND B & J TRUCKING SERVICE, INC.**

COME NOW **GERALD E. BABCOCK and B & J TRUCKING SERVICE, INC.,** ("Defendants"), Defendants in the above-entitled and numbered cause, and file this Notice of Removal to Federal Court, giving notice that on this date, Cause No. 2017CI13352 was removed from the 150th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. A true and correct copy of the complete federal court Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,

**LAW OFFICE OF MARK E. MACIAS**
1100 NORTHWEST LOOP 410, SUITE 370
SAN ANTONIO, TX  78213-2200
(210) 949-0166
(855) 949-1338 FACSIMILE
EMAIL: METCAB1@NATIONWIDE.COM

By: _____
BRIAN A. METCALF
State Bar No. 24100602

ATTORNEY FOR DEFENDANTS,
**GERALD E. BABCOCK and B & J TRUCKING SERVICE, INC.,**

EXHIBIT "C"

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on the 30th day of August, 2017.

***Electronic & Facsimile Transmission:***
**RICHARD R. STORM, JR.**
Texas Bar No. 00786261
**BEGUM LAW GROUP**
5826 IH 10 West
San Antonio, Texas 78201
210.564.9854 Telephone
210.564.9857 Fax
Email: rstorm@texaslegalgroup.com
***Attorney for Plaintiff***

_____
BRIAN A. METCALF