FILED
FEB 26 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCUS BENTURA | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 5:17-cv-00838-OLG |
| | § | |
| GERALD E. BABCOCK and | § | |
| B & J TRUCKING SERVICE INC. | § | |
| *Defendants*. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARCUS BENTURA, hereinafter referred to as Plaintiff, complaining of and about GERALD E. BABCOCK, B & J TRUCKING SERVICE INC., and ROSANNA PADRON, hereinafter referred to as Defendants, and for cause of action shows unto the Court the following:

### I.
### PLAINTIFF'S DESIGNATION OF DISCOVERY CONTROL PLAN

Plaintiff seeks damages (including punitive damages) over $200,000 but not more than $1,000,000.00, pursuant to Tex. R. Civ. P. 47(c)(4). Plaintiff intends that discovery be conducted under Discovery Level 3.

### II.
### PARTIES AND SERVICE

Plaintiff MARCUS BENTURA, is an individual residing in Bexar County, Texas.

Defendant GERALD E. BABCOCK, an individual who is a resident of Indiana. No service is requested at this time.

Defendant B & J TRUCKING SERVICE INC. is a foreign corporation doing business in the state of Texas. No service is requested at this time.

Defendant Rosanna Padron is an individual residing in Bexar County, Texas, and she may be served at 134 Lake Valley, San Antonio, Texas 78227. Service is requested at this time.

## III.
## FACTS

On or about April 7, 2016, Plaintiff was a passenger in a vehicle driven by Defendant ROSANNA PADRON, who was traveling at or near the 5000 block of NE Loop 410 in San Antonio, Texas. Suddenly, Defendant GERALD E. BABCOCK's vehicle collided into the vehicle that Plaintiff was a passenger in. As a result of GERALD E. BABCOCK and/or ROSANNA PADRON failing to, *inter alia,* keep a proper lookout, maintain a reasonable distance, and change lanes when unsafe, the vehicle that Plaintiff was in was side-swiped by Defendant GERALD E. BABCOCK's vehicle, causing Plaintiff to sustain serious bodily injuries.

At the time of the collision, ROSANNA PADRON was the driver of the vehicle that Plaintiff was a passenger in.

At the time of the collision, B & J TRUCKING SERVICE INC. was the owner of the vehicle operated by GERALD E. BABCOCK, who was acting within the course and scope of his employment with B & J TRUCKING INC. On information and belief, GERALD E. BABCOCK was an incompetent driver, and B & J TRUCKING SERVICE INC. negligently entrusted to GERALD E. BABCOCK the vehicle driven by him.

## IV.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE
## AGAINST DEFENDANTS GERALD E. BABCOCK and ROSANNA PADRON

Defendant GERALD E. BABCOCK and ROSANNA PADRON had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by

Defendant GERALD E. BABCOCK's and ROSANNA PADRON's negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant GERALD E. BABCOCK and ROSANNA PADRON consisted of, but is not limited to, the following acts and omissions:

- A. failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.401;

- B. failing to turn their motor vehicles to the right or left in an effort to avoid the collision complained of; Texas Transportation Code §545.103;

- C. failing to maintain a clear and reasonable distance between their motor vehicles which would permit Defendants to bring their motor vehicle to a safe stop without colliding into each other's motor vehicle; Texas Transportation Code §545.062;

- D. failing to keep such distance away from each other's vehicle as a person using ordinary prudent care would have done; Texas Transportation Code §545.062;

- E. operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.062;

- F. failing to apply his brakes to their motor vehicles in a timely and prudent manner and/or wholly failed to apply his brakes. Texas Transportation Code §545.351;

- G. making an improper lane change when unsafe to do so; and

- H. failing to pay attention to their driving as a person using ordinary prudent care would have done; Texas Transportation Code §545.401.

Section 545.401(a) provides that "A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property." Plaintiff was within the class of persons designed to be protected by such statutes. As such, Defendant GERALD E. BABCOCK'S and ROSANNA PADRON's conduct on the occasion in question constituted negligence *per se*, that is, negligence as a matter of law.

## V.
## PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT B & J TRUCKING SERVICE INC.

On April 7, 2016, B & J TRUCKING SERVICE INC. was the owner of the vehicle operated by GERALD E. BABCOCK.

B & J TRUCKING SERVICE INC. entrusted the vehicle to GERALD E. BABCOCK, a reckless and incompetent driver. B & J TRUCKING SERVICE INC. knew, or through the exercise of reasonable care should have known, that GERALD E. BABOCK was a reckless and incompetent driver.

As described herein, GERALD E. BABCOCK was negligent on the occasion in question. GERALD E. BABCOCK's negligence was the proximate cause of Plaintiff's damages.

## VI.
## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST B & J TRUCKING SERVICE INC.

At the time of the occurrence of the act in question and immediately prior thereto, GERALD E. BABCOCK was within the course and scope of his employment with B& J TRUCKING SERVICE INC. At the time of the occurrence of the act in question and immediately prior thereto, GERALD E. BABCOCK was engaged in the furtherance of B & J TRUCKING SERVICE INC.'s business. At the time of the occurrence of the act in question and immediately prior thereto GERALD E. BABCOCK was engaged in accomplishing a task for which GERALD E. BABCOCK was employed.

Plaintiff invokes the doctrine of *Respondeat Superior* as against B & J TRUCKING SERVICE INC.

## VII.
## DAMAGES FOR PLAINTIFF MARCUS BENTURA

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff MARCUS BENTURA was caused to suffer bodily injury, and to incur the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past;

- D. Physical pain and suffering in the future;

- E. Physical impairment in the past;

- F. Physical impairment which, in all reasonable probability, will be suffered in the future;

- G. Loss of earnings in the past;

- H. Loss of earning capacity which will, in all probability, be incurred in the future;

- I. Disfigurement in the future;

- J. Mental anguish in the past;

- K. Mental anguish in the future; and

- L. Cost of medical monitoring and prevention in the future.

## VIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**BEGUM LAW GROUP, L.L.C.**

*/s/ Negin Roberts*

Richard R. Storm, Jr.
State Bar No. 00786261
rstorm@texaslegalgroup.com
Negin Roberts
State Bar No. 24081892
nroberts@begumlawgroup.com
5826 IH 10 West
San Antonio, Texas 78201
Telephone: (210) 564-9854
Facsimile: (210) 564-9857
**Attorneys for Plaintiff**